1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

VICTOR TAGLE,                                                 )
                                                             )
                    Plaintiff,                               )
                                                             )   Case No. 2:15-cv-02083-RCJ-GWF
          v.                                                 )
                                                             )
STATE OF NEVADA, *et al.*,                                   )
                                                             )        **SCREENING ORDER**
                    Defendants.                              )
                                                             )
_____ )

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis* and a motion for records/court case documents for the records of nine cases he has pending in federal court.  (ECF No. 1-1, 3, 7, 5).  The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.     *IN FORMA PAUPERIS* APPLICATION**

Before the Court is Plaintiff's application to proceed *in forma pauperis.*  (ECF No. 3, 7). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment towards the full filing fee pursuant to 28 U.S.C. § 1915.  Plaintiff will, however, be required to make monthly payments towards the full $350.00 filing fee when he has funds available.

**II.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not

require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III.    SCREENING OF COMPLAINT

Plaintiff sues several defendants for events that occurred while he was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1-1 at 1). Plaintiff sues the State of Nevada, the Nevada Department of Corrections,[1] James Cox, Neven, and Maria Vital. (*Id.* at 2-3). He alleges one count and seeks monetary damages. (*Id.* at 4-9, 12).

---

[1] The Court dismisses with prejudice all claims against the State of Nevada as amendment would be futile. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983). The Court also dismisses with prejudice all claims against the NDOC, as amendment would be futile. The NDOC is an arm of the state of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Black v. Nevada Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010).

1    Plaintiff alleges the following in his complaint: On February 28, 2012, he was sent to

2  Valley Hospital where he had his gall bladder removed. (*Id.* at 4). Since then, Plaintiff has had

3  a "dull pain" at the wound site, lots of gas, and swelling. (*Id.*). He has had to take digestive

4  medication on a daily basis since the surgery. (*Id.*). Plaintiff was seen by Dr. Romero, Dr.

5  Sanchez, Dr. Koehn, and Dr. Dulce during 2012 to 2013 time period about the pain he was

6  suffering from. (*Id.*). They gave him digestive medication and said they would refer him to

7  Valley Hospital which never occurred. (*Id.* at 4-5.) In late 2014, Maria Vital began treating

8  Plaintiff. (*Id.*). Plaintiff alleges she claims to be a doctor, "but she's a nurse." (*Id.* at 5-6). Vital

9  examined Plaintiff on January 19, 2015, told him there was nothing wrong with him and to "stop

10  complaining." (*Id.* at 6.) Vital examined him a second time and cut off his medication. (*Id.*).

11  After Plaintiff complained, his medication was reinstated. (*Id.*). Plaintiff continued to complain

12  that Vital was not a doctor so a "Dr. John Doe"[2] examined Plaintiff but found nothing wrong with

13  him. (*Id.* at 6-7). On July 7, 2015, Plaintiff was transferred to Ely State Prison and seen by Dr.

14  Koehn who prescribed ibuprofen. (*Id.* at 7). Plaintiff then returned to HDSP and continued to

15  suffer from pain. (*Id.* at 7-8). Plaintiff alleges that Vital told him that the "John Doe doctor" who

16  saw him was "Romero Aranas" but Plaintiff has been seen by Dr. Aranas in the past and

17  Plaintiff knows Dr. Aranas has since left HDSP. (*Id.* at 8-9).

18    Plaintiff alleges defendants have been deliberately indifferent to his serious medical

19  needs in violation of the Eighth Amendment. (*Id.* at 9).

20    The Eighth Amendment prohibits the imposition of cruel and unusual punishment and

21  "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and

22  decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth

23  Amendment when he acts with "deliberate indifference" to the serious medical needs of an

24  inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment

25  violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious

26  enough to constitute cruel and unusual punishment—and a subjective standard—deliberate

27

28

_____

[2] The doctor gave Plaintiff his name but did not have an ID on. (*Id.* at 6).

indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Toguchi  v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Plaintiff has been seen by nurse Vital on a number of occasions and takes issue with the fact that she is not a physician and the treatment, or lack thereof, that she has given him. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

5

1   Plaintiff fails to state a claim against Vital.  Plaintiff's main allegation is that nurse Vital
2   is not a doctor and he is not happy with the treatment he is receiving.  Plaintiff's allegations do
3   not rise to the level of deliberate indifference.  Plaintiff has been seen by several doctors and
4   complains about all of the treatment he has received.  Mere disagreement with a course of
5   treatment, as Plaintiff's complaint alleges, is insufficient to state an Eighth Amendment claim.
6   There is no indication that Vital has acted with conscious disregard of an excessive risk to
7   Plaintiff's health.  Instead, it is simply that Plaintiff disagrees with the care he is receiving and
8   the fact that she is a nurse.  Even if Plaintiff's allegations rose to the level negligence, they
9   would still be insufficient to state a colorable Eighth Amendment claim as negligence is not a
10   cognizable constitutional claim.

11   Further, as to defendants Cox and Neven, a defendant is liable under 42 U.S.C. § 1983
12   "only upon a showing of personal participation by the defendant."  *Taylor v. List*, 880 F.2d
13   1040, 1045 (9th Cir. 1989).  "A supervisor is only liable for constitutional violations of his
14   subordinates if the supervisor participated in or directed the violations, or knew of the violations
15   and failed to act to prevent them. There is no respondeat superior liability under [§]1983."  *Id.*;
16   *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability
17   is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official
18   defendant, through the official's own individual actions, has violated the Constitution").

19   "A showing that a supervisor acted, or failed to act, in a manner that was deliberately
20   indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the
21   involvement—and the liability—of that supervisor."  *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th
22   Cir. 2011).  "Thus, when a supervisor is found liable based on deliberate indifference, the
23   supervisor is being held liable for his or her own culpable action or inaction, not held vicariously
24   liable for the culpable action or inaction of his or her subordinates."  *Id.* at 1207.  As such, "a
25   plaintiff may state a claim against a supervisor for deliberate indifference based upon the
26   supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her
27   subordinates."  *Id.*

28   In addition to not stating an Eighth Amendment claim as discussed above, Plaintiff has

6

not made any allegations specifically towards defendants Cox and Neven to show their personal participation as supervisory defendants in any alleged constitutional violations.

Plaintiff's complaint will be dismissed with prejudice as he has failed to state a claim upon which relief can be granted.  Plaintiff will not be given leave to amend as amendment would be futile.

**IV.     CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 3, 7) without having to prepay the full filing fee is **GRANTED**.  The Clerk of Court **SHALL FILE** the complaint.  (ECF No. 1-1).  Plaintiff shall **not** be required to pay an initial installment fee.  Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.  The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.  This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Victor Tagle, #1080239** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.               .

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is **DISMISSED in its entirety, with prejudice**, for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's motion for records/court case documents (ECF No. 5) is **denied.**

**IT IS FURTHER ORDERED** that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

DATED: This 21st day of April, 2016.

_____
United States District Judge

8